UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 03-10354-PBS |
| MICHAEL VINAL | ) ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS
TO STRIKE SURPLUSAGE AND FOR FURTHER DISCOVERY**

The government submits this consolidated opposition to: (a) the defendant's motion to strike, as surplusage, the "Notice of Additional Factor" from the indictment, and (b) his motion for additional discovery.

A.   The Court Should Deny the Motion to Strike Surplusage

1.   Background/Blakely

The superseding indictment includes a notice alleging the applicability to this case of a sentencing enhancement factor set forth in the Sentencing Guidelines – specifically, the enhancement for causing or threatening to cause physical injury to a person, or property damage, as described in U.S.S.G. § 2J1.2. The government provides this notice to preserve its ability to seek a jury determination regarding the existence of the charged factor.

The government has adopted this course in light of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004). In that case, the Court held that the application of a Washington sentencing procedure did not comport with the Sixth Amendment because a pertinent sentencing finding was made by a judge rather than a jury.

The Supreme Court held that this procedure violated the principle set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which held that any fact which increases a statutory maximum sentence must be found by the jury under a reasonable doubt standard.  The <u>Blakely</u> Court stated that "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>." <u>Blakely</u>, 124 S.Ct. at 2536 (emphasis in original).

<u>Blakely</u> stated that it passed no judgment on the federal guidelines.  <u>See id</u>. at 2538 n.9.  It is the government's position that: (a) <u>Blakely</u> does not apply to the federal guidelines, and (b) if <u>Blakely</u> does apply, and in a particular case bars the application of a sentencing enhancement in the absence of a jury finding or defendant's admission, the guidelines as a whole are not severable and should not be employed in that case, except as a guide to the exercise of the court's discretion.

Whether or not this Court shares the government's view with respect to either argument, it is nevertheless prudent to obtain a jury verdict that will protect against the possible impact of adverse appellate decisions.  The Supreme Court, applying the reasoning of <u>Blakely</u>, could ultimately hold that any fact supporting a sentencing enhancement or upward departure must rest on a jury verdict.  The Supreme Court could also reject the government's alternative argument that the guidelines are not severable, and direct that the existing guidelines be applied through jury fact-finding.  To reduce the risk of a re-trial, and in order to protect against the possibility of an unjustly low sentence in this case in the event

that <u>Blakely</u> is so extended, the government has elected to charge the pertinent enhancement factor and seek a jury determination of this factor.

      2.    <u>Surplusage</u>

The notice provided to the defendant is not surplusage. While a motion to strike surplusage is permitted under Rule 7(d) of the Federal Rules of Criminal Procedure, "the scope of a district court's discretion to strike material from an indictment is narrow." <u>United States v. Oakar</u>, 111 F.3d 146, 157 (D.C. Cir. 1997). "The standard under Rule 7(d) has been strictly construed against striking surplusage." <u>United States v. Jordan</u>, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). A "motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." <u>United States v. Rezaq</u>, 134 F.3d 121, 1134 (D.C. Cir. 1998); <u>see also</u> <u>United States v. Behenna</u>, 552 F.2d 573, 576 (4th Cir. 1997); <u>United States v. Root</u>, 366 F.2d 377, 381 (9th Cir. 1996); <u>United States v. Collins</u>, 920 F.2d 619, 631 (10th Cir. 1990); <u>United States v. Huppert</u>, 917 F.2d 507, 511 (11th Cir. 1990); <u>United States v. Scarpa</u>, 913 F.2d 993, 1013 (2d Cir. 1990); <u>United States v. Figueroa</u>, 900 F.2d 1211, 1218 (8th Cir. 1990).

The sentencing factor described in the superseding indictment is neither irrelevant nor unduly prejudicial. Rather, it is pertinent to the determination of the defendant's sentence in this case. While the government traditionally would not seek to include sentencing factors in the indictment itself, it has done so in anticipation of the defendant's claim, based on <u>Blakely</u>, that such notice afforded by the grand jury is essential to the Court's power to impose the sentence permitted by law.

In this case, the sentencing factor is particularly innocuous because the government will not be introducing any additional evidence in support of it. Rather, the government will argue that the evidence proving that Vinal made the threat also supports the § 2J1.2 enhancement for causing or threatening to cause physical injury to a person, or property damage.

    3.    <u>Special verdict form</u>

The government proposes that the Court give the jury a simple special verdict form, which would state that if the jury finds the defendant guilty, it should then determine whether it finds that the witness tampering involved causing or threatening to cause physical injury to a person, or property damage. If the Court denies the defendant's motion to strike and adopts the government's approach, we will provide a proposed verdict form as well as a proposed jury instruction explaining it.

    B.    <u>The Court Should Deny Vinal's Motion For Further Discovery</u>

Because the government has no additional discoverable material, the Court should deny Vinal's Motion for Further Discovery.

    1.    <u>No record of Burroughs-Parker conversation</u>

In his motion, Vinal asks the government to produce all reports, memoranda, etc. relating to the conversation in which AUSA Allison Burroughs told Robert Foley's attorney, Peter Parker, that a cooperating witness had recorded a phone conversation with Foley.[1]

---

[1] Because we are not filing this memo under seal, we will refer to the cooperating witness without using his name and will refer to the company that is the subject of the

There are, however, no documents responsive to this request, because Burroughs has no notes, memos or other written records of this conversation. Burroughs does have a brief note memorializing a subsequent, June 18, 2003 conversation she had with Parker, and we are producing this note to the defense.

> 2.  No exculpatory evidence relating to Parker

Vinal requests "any exculpatory evidence pertaining to the government's contention that somehow Attorney Parker spoke to his client which information somehow was provided to the defendant including any evidence to the contrary." The government has no material responsive to this request.

> 3.  Information redacted from interview reports is not discoverable

At the November 19, 2004 hearing on Parker's motion to quash, defense counsel for the first time requested unredacted copies of the memos describing the interviews with the cooperating witness who is the victim of Vinal's witness tampering.

While the undersigned AUSAs generally provide discovery far more broadly than either the federal or local rules require, they have been unusually careful here because this case stems from a grand jury investigation into the construction company identified in the indictment as ABC Company – an investigation that is ongoing – and because Vinal has already been charged with witness tampering. Furthermore, the three redacted memos, which total 19 pages, describe interviews that took place before the threat that is the subject of this

---

underlying investigation as ABC Company, as the indictment refers to it.

indictment and therefore do not relate in any way to the facts of this case. Rather, they discuss information that the cooperating witness provided in the underlying investigation into ABC Company. They therefore are not Jencks material, as defined by 18 U.S.C. § 3500 (a statement "which relates to the subject matter as to which the witness [will] testif[y]").

We have, however, produced these memos because they contain lengthy discussions of the cooperator's involvement in ABC Company's potentially fraudulent conduct, and we believe that some of this information could be impeachment material. What we have redacted from these memos are the cooperator's discussions of actions of other ABC Company employees, whom the government will not be calling as witnesses during this trial. This information is neither Jencks nor impeachment material and is therefore not discoverable. And the information is particularly sensitive because it involves potential targets of, and witnesses in, an ongoing grand jury investigation that has already been tainted by witness tampering.

For the same reasons, we have redacted two small portions from Special Agent Todd Damiani's grand jury transcript. In those excerpts, Special Agent Damiani mentions a particularly sensitive aspect of the ongoing investigation – one that the government, at this time, has not decided to address during this trial. If that intention changes, we will produce the redacted portions of the transcript.

So that the Court may make its own assessment of the redactions, we are filing, under seal and ex parte, an attachment to this opposition that includes the original and redacted memos and grand jury excerpts.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:   /s/ Adam Bookbinder
        Adam J. Bookbinder
        George B. Henderson, II
        Assistant U.S. Attorneys