IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>MICHAEL VINAL       )<br>) | Criminal No. 03-10354-PBS |

# PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

  Pursuant to Federal Rule of Criminal Procedure 30, the United States respectfully requests that this Honorable Court, in addition to its standard charge to the jury, include the following special instructions. Leave is requested to submit additional proposed instructions as they may become necessary.

            MICHAEL J. SULLIVAN
            United States Attorney


    By:  /s/ Adam Bookbinder
        Adam J. Bookbinder
        George B. Henderson, II
        Assistant U.S. Attorneys
        John J. Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA  02210

**TABLE OF CONTENTS**

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
Punishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
What Is Evidence; Inferences; Direct and Circumstantial  . . . . . . . . . . . . . . . . . . . . . 2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
18 U.S.C. § 1512(b)(3); Witness Tampering  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
Elements of § 1512(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
Intimidation or Threat  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
Intent to Hinder, Delay, or Prevent Communication with Federal Law Enforcement
Officer  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
Federal Offense  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
Method of Proving Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

### **<u>Punishment</u>**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with me as the presiding judge in this case. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

_____

Authorities:

      Adapted from 1 L. Sand et. al., <u>Modern Federal Jury Instructions</u>, ¶9.01, Instruction No. 9-1 at 9-3.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**

**What Is Evidence; Inferences; Direct and Circumstantial**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Circumstantial evidence may be the only evidence available to prove elements of the crime, such as intent or motive, which exist only in the mind of the accused. Indeed, the evidence supporting guilt may be entirely circumstantial.

_____

Authorities:

    First Circuit Pattern Jury Instructions (1998) ¶¶3.04, 3.05.

    Devitt and Blackmar, Federal Jury Practice and Instructions Section 15.02 (3d Ed. 1977)

    McCoy v. United States, 169 F.2d 776 (9th Cir.)

    United States v. Tidwell, 559 F.2d 262 (5th Cir. 1977)

    United States v. Henry, 468 F.2d 892, 894 (10th Cir. 1972)

    United States v. Harris, 435 F.2d 74 (D.C. Cir. 1970)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

### 18 U.S.C. § 1512(b)(3)

### Witness Tampering

In the Indictment, the defendant is charged with violating Title 18, United States Code, Section 1512, which prohibits using intimidation or threats with the intent to hinder, delay, or prevent the communication to a law enforcement officer of the United States of information related to the commission or possible commission of a federal offense.

_____

Authorities:

    18 U.S.C. § 1512(b)(3)

    United States v. Baldyga, 233 F.3d 674, 681 (1st Cir. 2000)

    United States v. Veal, 153 F.3d 122, 1247 (11th Cir. 1998)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

### Elements of § 1512(b)(3)

To establish the offense charged in the Indictment, the government must prove the following elements:

First: That the defendant knowingly used intimidation or threats toward another person or persons;

Second: That the defendant acted with the intent to hinder, delay, or prevent the communication of information to a federal law enforcement officer or judge of the United States; and

Third: The information related to the commission or possible commission of a federal offense.

_____

Authorities:

    18 U.S.C. § 1512(b)(3)

    United States v. Baldyga, 233 F.3d 674, 680 (1st Cir. 2000)

    United States v. Causey, 185 F.3d 407 (5th Cir. 1999)

    United States v. Veal, 153 F.3d 1233, 1252 (11th Cir. 1998)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

### Intimidation or Threat

The first element requires a determination of whether a defendant used intimidation or threats. The term "intimidation" means the use of any words or actions intended or designed to make another person timid or fearful or make that person refrain from doing something the person would otherwise do, or do something that person would otherwise not do. It is not necessary for the government to prove that the victim was actually frightened.

If you find that the defendant knowingly used intimidation or threats, you may find that the first element has been satisfied.

_____

Authority:

    18 U.S.C. § 1515(a)(3)(A)-(E)

    2A Fed. Jury Prac. & Instr. § 49.03

    United States v. Victor, 973 F.2d 975, 978 (1st Cir. 1992) (affirming conviction where the defendant made an unannounced visit and intrusive search of the witness's apartment and stated only that the witness "talked too much in federal court")

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

### Intent to Hinder, Delay, or Prevent Communication with Federal Law Enforcement Officer

The second element requires the government to prove that the defendant acted "with the intent to hinder, delay, or prevent the communication [of information] to a law enforcement officer . . . ." This element may be proven by evidence establishing that a defendant used intimidation or threats toward another person, intending that person would either provide false information to law enforcement or fail to communicate with law enforcement. It is not necessary that the government prove that the defendant succeeded. All that must be proved is that the defendant intended to impermissibly influence the person.

The government is not required to prove that the defendant intended to interfere with a specific investigation that the defendant knew was federal. All that need be proven is that he used intimidation or threats toward a person, intending that person would either provide false information to, or fail to communicate with, a federal law enforcement official.

_____

Authorities:

    18 U.S.C. §§ 1512(b)(3) and (f)(1)

    18 U.S.C. § 1515(a)(4)(A)

    2A Fed. Jury Prac. & Instr. § 49.03

    United States v. Maggitt, 784 F.2d 590, 593-94 (5th Cir. 1986)

    United States v. Wilson, 796 F.2d 55, 57 (4th Cir. 1986)

United States v. Baldyga, 233 F.3d 674, 680 (1st Cir. 2000) (§ 1512(b)(3) requires only that the government establish that the defendants had the intent to influence an investigation which happened to be federal)

United States v. Freeman, 208 F.3d 332 (1st Cir. 2000)

United States v. Diaz, 176 F.3d 52, 90 (2d Cir. 1999) (finding federal jurisdictional element satisfied where defendant intended to prevent witness from communicating with local authorities and in fact federal and local authorities together were investigating defendant's activities)

United States v. Veal, 153 F.3d 1233 (11th Cir. 1998)

United States v. Stansfield, 171 F.3d 806, 816-817 (3d Cir. 1999)

United States v. Applewhaite, 195 F.3d 679, 687 (3d Cir. 1999)

United States v. Causey, 185 F.3d 407 (5th Cir. 1999)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

### Federal Offense

The third element requires that the information that the defendant attempted to hinder, delay, or prevent from being communicated to federal law enforcement, information related to the commission or possible commission of a federal offense. The government need not prove that the defendant knew the offense was federal in nature. It is sufficient that the offense in question was actually a federal offense.

I instruct you that the alleged overcharging for asphalt on a highway project funded by the federal government, does in fact constitute a possible violation of federal law within the meaning of 18 U.S.C. § 1512.

---

Authorities:

 18 U.S.C. § 1512(b)(3)

 18 U.S.C. § 1020

 United States v. Applewhaite, 195 F.3d 679, 686-687 (3d Cir. 1999)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
### Method of Proving Intent

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

_____

Authorities:

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases §4.13 (Wire Fraud) (1998).

10