**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

**Criminal No.
03-10354-PBST**

**UNITED STATES OF AMERICA**

**VS.**

**MICHAEL VINAL**

**MOTION FOR FURTHER DISCOVERY II**

Now comes the defendant, Michael Vinal, pursuant to Local Rule 116.2 and 116.3 as well as Rule 16a(1)(C) of the Federal Rules of Criminal Procedure and moves this Court for an order directing the government to provide the defendant and his counsel with access to as well as copies of all evidence, documents, electronic data and records that are material to the preparation of the defendant's defense as well as exculpatory evidence that has been heretofore requested of the government.

The defendant has already moved for further discovery which has been orally submitted to this Court subject to the government's opposition. The defendant further moves for all documents and records which constitute, reflect or refer to evidence obtained or examined during investigation by federal and/or state law enforcement authorities regarding the criminal activity and conduct of alleged victim, Thomas Fitzgerald, including but not limited to all notes and memoranda pertaining to conversations between Thomas Fitzgerald and law officers for the state or federal government as well as any tape recordings or computer discs memorializing the same.

The grounds for this motion are set forth herein;

1.) This Court has already ordered the Commonwealth to produce and make available to defense counsel documentary evidence and materials maintained in numerous "boxes" and counsel has reached out to the government for arrangements to examine the same prior to trial.

2.) The requested evidence and information is essential to presentation of the defendant's argument as to the credibility of the alleged victim, Thomas Fitzgerald, cooperating government witness.  It is clear that a defendant is constitutionally entitled to discovery of as well as presentation to the jury of evidence that a government witness finds himself in a precarious position in his relations with law enforcement authorities which may motivate the witness to falsely implicate another in the crime or to exaggerate the roles of another in the crime or, in some fashion, try to curry favor with the government.  Davis vs. Alaska, 415 U.S. 308 (1974).  "The exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross examination."  Id. at 316.  See also United States vs. Hudson, 970 F.2d 948 (1st Cir. 1992).  "The relation of witness bias through cross examination is of constitutional dimension in a criminal case.  Because objectivity is always material to the assessment of credibility (courts in the first circuit) and other federal courts have been hospitable to the point of liberality in admitting evidence relevant to a witness' bias."  United States vs. Akitoye, 923 F.2d 221 (1st Cir. 1991).

It is clear that where there are circumstances that cause an accuser to believe that he "stands to gain by inculpating another" or to curry favor with the government is a matter that may be scrutinized through cross examination. Lee vs. Illinois, 476 U.S. 530 (1986). Clearly, any promises, rewards or inducements as well as all statements made including any possible inconsistent statements made by the government witness which may be memorialized in notes of the interrogators are relevant and material and should be produced for possible use in cross examination.

As it relates to the materials pertaining to the extent of Fitzgerald's criminal activity, requested documents as well as other evidence pertaining to the majority of the thrust of investigation bear directly on the circumstances that existed at the time Fitzgerald was made aware of the government's investigation up through the time of his alleged victimization by Vinal. The defendant is entitled to present evidence to insure that the jury is provided with sufficient evidence concerning formative events so as to make a "discriminating appraisal" of a witness' motives and bias. United States vs. Lynn, 856 F.2d 430 (1st Cir. 1988).

Preservation of notes and records are generally preserved until after the trial. Failure to preserve such evidence so it may be disclosed to the defense has been sharply criticized by courts. See United States vs. Dibate, 90 F.Supp. 2d 140 (District of Massachusetts 2000, Wolf, J.), United States vs. Mannarino, 850 F.Supp. 57 (District of Massachusetts 1994, Woodlock, J.).

                Michael Vinal
                By his attorney

                /s/ Kevin J. Reddington