UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Criminal No.
03-10354-PBST

UNITED STATES OF AMERICA

VS.

MICHAEL VINAL

## DEFENDANT'S MOTION TO SUPPRESS RECORD OF PRIOR CONVICTIONS

Now comes the defendant, Michael Vinal, in the above numbered indictment and moves this Court for an order suppressing for use in evidence his prior convictions.

In the event that the defendant testifies in this case to deny the allegations set forth by the government that the defendant allegedly threatened Thomas Fitzgerald the defendant has been advised by government counsel that government counsel would intend to utilize the defendant's record of prior convictions appended hereto in support of its effort to impeach the defendant's credibility.

The defendant is requesting that this Court enter an order suppressing his prior convictions for use as impeachment material in that the use of such prior convictions would greatly prejudice the defendant and unduly interfere with his right to present testimony on his behalf since testimony would expose him to juror knowledge of his prior criminal history. Because of the allegations of intimidation, convictions setting forth allegations of violence such as assault and battery or threats would deprive the defendant of his opportunity to have his testimony fully and fairly evaluated by the trial jury which would then focus on his convictions for improper purposes and it is likely that the jury

would consider them for purposes of evaluating his character as a person who is of a violent propensity rather than evaluation of credibility.

Rule 404B of the Federal Rules of Evidence provides that;

> "Evidence of other crimes, wrongs or acts are not admissible to prove the character of a person in order to show he has acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

The defendant does not believe that the government intends to offer evidence of prior bad acts therefore the Rule 404B misconduct exception would not be available to the government to argue any such prior misconduct. The government would be limiting its effort to impeach the defendant's credibility through introduction of prior convictions. For the purpose of an attack on the credibility of a witness evidence that he has been convicted of a crime is admissible but only if;

1.) The crime is punishable by death or imprisonment in excess of one year under the law in which he was convicted or;

2.) Involved dishonesty or false statement regardless of the punishment.

Under Federal Rules of Evidence, Rule 609a, as a general rule for the purpose of attacking the credibility of a witness evidence shall be admitted subject to Rule 403 if the crime was as set forth above. Rule 609 notes further;

> "As a pre-requisite to its introduction into evidence this may only be introduced 'if the Court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused' and evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement regardless of punishment."[1]

---

[1] Time limits are subject to Rule 609b. It is agreed by the parties that any impeachment evidence by way of prior convictions may be proven through probation records rather than requiring counsel to obtain certified copies of the convictions. It does not appear that the government intends to offer any evidence that constitute a conviction with a time period of more than ten years having elapsed from the date of the conviction or combined confinement imposed by that conviction. The Advisory Committee notes and legislative history indicate that there is "little dissent from the general proposition at least some crimes are

For purposes of Rule 609a, crimes are divided into two categories; those that are regarded of "felony grade" and those that involved "dishonesty or false statement." The Court has the discretion to apply a general balancing test set forth in Rule 403 which is intended to protect litigants against unfair impeachment of witnesses. The balancing test protects civil as well as criminal litigants.

Rule 609 prescribes two tests which are dependent upon the type of conviction is offered. If evidence is of a conviction of a crime involving dishonesty, the Court may determine it is automatically admissible regardless of its misdemeanor or felony status and regardless of its amount of prejudice. If the crime does not involve dishonesty or false statement, evidence of the accused's conviction is admissible only if it was a felony and the probative value of the evidence outweighs its prejudicial effect on the accused. Fed R. Evid. Rule 609a(1).

Although a defendant's credibility may be attacked by evidence of prior felony convictions under Fed R. Evid. 609a(1), e.g., United States vs. Galati, 230 F.3rd 254 (7th Cir. 2000), it does not however permit impeachment of a criminal defendant with evidence of prior misdemeanor convictions which is admissible only under Rule 609a(2) and then only if that crime involves dishonesty or false statement. See United States vs. Meserve, 271 F.3rd 314 (1st Cir. 2001).

If the government intends to introduce prior convictions under Rule 609a(2) a prior conviction must involve some element of deceit, untruthfulness or falsification which would then to show that the accused would be likely to testify untruthfully. It is of a different analysis however to determine whether prior felony convictions are admissible

---

relevant to credibility but much disagreement among cases and commentators about which crimes are

to impeach the defendant. As indicated above, these convictions are admissible <u>only if the Court determines that the probative value of admitting this evidence outweighs its prejudicial effect</u>. The balancing test the Court should consider would be;

1.) The impeachment value of the prior crime;

2.) Proximity in time of the conviction and the defendant's subsequent history;

3.) The similarity between the past crime and the present crime;

4.) The importance of defendant's testimony, and;

5.) Centrality of the credibility issue. See <u>Rodrigues vs. United States</u>, 286 F.3rd 972 (7th Cir. 2002).

Even if the Court determines that evidence of a conviction may be probative of untruthfulness it still must evaluate the importance of defendant's testimony in light of the likelihood the defendant will then elect not to testify in his or her own behalf for fear of having the prior convictions divulged. This Court may therefore exclude the conviction if it finds defendant's testimony will aid the jury in ascertaining the truth and refuse to exclude it where there is no real need for the defendant's testimony since it would be substantially the same as that of other witnesses.

In this case, repetition of testimony of other witnesses would not be central to the issue. The defendant would be able to testify as to any motivating reasons as to why he, indeed, made this call or if he has any recollection or memory of doing so. See e.g., <u>United States vs. Fountain</u>, 642 F.2d 1083 (7th Cir. 1981) (defendant was able to present his defense effectively without testifying therefore no error in ruling other felony evidence was admissible). On the other hand, if the defendant's credibility is a central

---

usable for this purpose.

4

issue the importance of his testimony may very well favor not admitting the impeachment evidence. The converse is also true where the Court determines credibility is a significant then the trial court may consider in the exercise of sound discretion permitting the prosecution to impeach with prior felony convictions where the defense is highly dependent on his credibility even though the conviction would be on one count of an indictment and the defendant was impeached at trial on other counts in the same indictment. See <u>United States vs. Johnson</u>, 302 F.3rd 139 (3rd Cir. 2002).

Subsequent to 1990's amendment to Rule 609a(1) this Court must consider the Rule 403 balancing factors. Pursuant to Fed. R. Evid. Rule 103 the defendant requests that this Court note under Rule 103a(1) the defendant's objection to its ruling in the event the Court determines that the records of conviction shall be admissible and requests that this Court accept this motion and submission and exhibit as an offer of proof. The Court, of course, under Fed. R. Evid. Rule 103b may add any other or further statement pertaining to its ruling and its admissibility of this evidence. See also <u>United States vs. Cook</u>, 608 F.2d 1175 (9th Cir. 1979) (en banc).

The prosecution has the burden of showing that the accused's prior conviction is admissible for impeachment purposes. <u>United States vs. Hendershot</u>, 614 F.2d 648 (9th Cir. 1980). The prosecution does also have the burden of establishing that the probative value outweighs the prejudice.

In the instant case a review of Mr. Vinal's record would indicate that the cut off date apparently is, for purposes of admitting prior convictions pertaining to Mr. Vinal, would be the conviction of;

♦ March 28, 1995 Operating under the influence of alcohol.

- March 11, 1996-Assault and battery on a police officer, threats (3 counts) and "threatening," disturbing the peace.

- January 17, 1997-Larceny from a person

- July 21, 1997-Leaving the scene

- December 8, 1997-Malicious destruction of property

It is apparent that should the Court allow the government to introduced evidence of these prior convictions then the defendant would be prejudiced. Clearly, the prejudice outweighs any benefit that would inure to the government and therefore in the exercise of this Court's discretion and further arguing that the defendant's constitutional right to produce all evidence on his behalf and present testimony to the jury at trial would require as a matter of law that the prior convictions be suppressed.

Michael Vinal
By his attorney

/s/ Kevin J. Reddington