IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>MICHAEL VINAL )<br>) | Criminal No. 03-10354-PBS |

## GOVERNMENTS PROPOSED REVISED AND SUPPLEMENTAL JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, the United States respectfully asks the Court to replace the Governments Proposed Instruction No. 6 with the attached revised version (additional language is underlined).  The government also asks the Court to give the jury Supplemental Instruction No. 1 during the sentencing phase.

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

By:   /s/ George B. Henderson, II
       Adam J. Bookbinder
       George B. Henderson, II
       Assistant U.S. Attorneys
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

### Intent to Hinder, Delay, or Prevent Communication with Federal Law Enforcement Officer

The second element requires the government to prove that the defendant acted "with the intent to hinder, delay, or prevent the communication [of information] to a law enforcement officer . . . ." This element may be proven by evidence establishing that a defendant used intimidation or threat toward another person, intending that person would either provide false information to law enforcement or fail to communicate with law enforcement. It is not necessary that the government prove that the defendant succeeded. Nor must the government show that the defendant intended to carry out the threat. All that must be proved is that the defendant intended to impermissibly influence the person.

The government is not required to prove that the defendant intended to interfere with a specific investigation that the defendant knew was federal. All that need be proven is that he used intimidation or threat toward a person, intending that person would either provide false information to, or fail to communicate with, a federal law enforcement official.

_____

Authorities:

    18 U.S.C. §§ 1512(b)(3) and (f)(1)

    18 U.S.C. § 1515(a)(4)(A)

    2A Fed. Jury Prac. & Instr. § 49.03

    United States v. Maggitt, 784 F.2d 590, 593-94 (5th Cir. 1986)

    United States v. Velasquez, 772 F.2d 1348, 1357 (7th Cir.1985)

    United States v. Wilson, 796 F.2d 55, 57 (4th Cir. 1986)

    United States v. Baldyga, 233 F.3d 674, 680 (1st Cir. 2000) (§ 1512(b)(3) requires only that the government establish that the defendants had the intent to influence an investigation which happened to be federal)

United States v. Freeman, 208 F.3d 332 (1st Cir. 2000)

United States v. Diaz, 176 F.3d 52, 90 (2d Cir. 1999) (finding federal jurisdictional element satisfied where defendant intended to prevent witness from communicating with local authorities and in fact federal and local authorities together were investigating defendant's activities)

United States v. Veal, 153 F.3d 1233 (11th Cir. 1998)

United States v. Stansfield, 171 F.3d 806, 816-817 (3d Cir. 1999)

United States v. Applewhaite, 195 F.3d 679, 687 (3d Cir. 1999)

United States v. Causey, 185 F.3d 407 (5th Cir. 1999)

## Government's Supplemental Instruction No. 1

### Sentencing Factor

You are asked to decide whether the defendant's witness tampering involved threatening to cause physical injury to a person or to cause property damage. For this question, your verdict must be unanimous and must be supported by proof beyond a reasonable doubt. You should use your common sense and life experience in making this determination. The government is not required to prove that the defendant intended to carry out this threat, but the government must prove that what the defendant was threatening was physical injury to a person or property damage.

Sources:

U.S.S.G. § 2J1.2(b)(1) (2002)

2A Fed. Jury Prac. & Instr. § 49.03

United States v. Maggitt, 784 F.2d 590, 593-94 (5th Cir. 1986)

United States v. Velasquez, 772 F.2d 1348, 1357 (7th Cir.1985)