UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
                          )      CRIMINAL NO.
                          )      03-1-354-PBS
                          )
V.                        )
                          )
MICHAEL VINAL             )

DEFENDANT'S MOTION FOR JUDGMENT
OF ACQUITTAL PURSUANT TO FED.R.CRIM.P
RULE 29(a).

-----------------------------------------------------------

Now comes the defendant Michael Vinal in the above numbered indictment and moves this court pursuant to Fed.R. Crim. P. 29(a) for a judgment of acquittal on the above numbered indictment. In support of this motion the defendant does aver that the evidence presented by the government on said indictment is insufficient as a matter of law to justify a finding of guilt. In addition to this general motion the defendant does specifically move as follows:

1.)..the evidence is insufficient as a matter of law to sustain a finding of fact by the jury beyond a reasonable doubt that the defendant made a threat with the intent to intimidate or threaten a person who was communicating with a law enforcement officer regarding a federal investigation;

2.) the evidence is insufficient as a matter of law to sustain a finding that the defendant acted with the intent to hinder, delay or prevent a communication of information to a law enforcement officer who was in fact a federal law enforcement officer;

3.) that the defendant acted with the intent to prevent the communication of information related to the commission or or possible commission of an offense under said investigation.

Defendant states the evidence elicited in this trial at best shows an equivocal or benign comment expressing a prediction that the alleged victim will "pay", because he "sucks" and notes that he has "dudes on his back down there". There is no evidence whatsoever that Vinal knew of the existence of this investigation in the sense that he intended to prevent any communication or information from being delivered to the law enforcement community. Although the jury may generally be allowed to draw an inference from circumstantial evidence and it is not necessary to exclude every

reasonable hypothesis or insure that all theories are inconsistent with guilt, U.S. v. Maggett, 784, F2 590 (1984). Intent still must be proven contemporaneously with the making of the statement and the specific intent must be to interfere with the investigation or prevent communication of information to law officers. In this case there is insufficient evidence that Vinal knew of the investigation, knew of its status, knew of the alleged victim's status as a witness conveying information and certainly there is no evidence that he knew of the status of the investigation i.e. when and whether subpoenas were served on witnesses by delivery to the corporate attorney's office.

Further defendant argues that the statements testified to are grossly insufficient to even constitute threats in the generic sense. The statute punishes the making of a threat to do harm either bodily or to destroy or damage property of the informant in retaliation or as retaliation for his/her "informing" United states v. Velasquez, 772, F3 1348 (7th cir.) Threats that are rhetorical rather than real cannot and are not punishable under the statute. Marlin v.United States, 691 F2 1235 (8th cir. 1982). See also United States v. Murray 751 F2 1528 (1985) threat of physical harm, United States v. Workman, 860 F2 140 (1985 C.A. 4),("you know what your gonna get? You don't wanna know") United states v. Dunning, 929 F2 579 , (you wont be on the face of the earth). In United States v. Freeman, 208 f3 332 (CA1 2000) the first circuit held that a threat that seemed innocuous or ambiguous was sufficient for a threat where the defendant said "remember mum's the word…feds are around talking…keep the lip zipped". The court noted that the fact that the defendant was a police officer with a violent temper known to the alleged victim was sufficient.

MICHAEL VINAL
By his attorney

Kevin J. Reddington
BBO # 414160
1342 Belmont St.
Brockton, Massachusetts
02401